J-S21039-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                            :          PENNSYLVANIA
                                            :
             v.                             :
                                            :
                                            :
TERRANCE HAND                         :
                                            :
             Appellant                :      No. 1224 EDA 2020

Appeal from the Judgment of Sentence Entered November 19, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No: CP-51-CR-0003589-2019

BEFORE:    BOWES, J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:              Filed: November 4, 2021

Appellant, Terrance Hand, appeals from the aggregate judgment of sentence of 7 to 14 years' of incarceration, which was imposed after his conviction at a bench trial for Robbery, Burglary, Criminal Trespass, Theft by Unlawful Taking, Receiving Stolen Property (RSP), Simple Assault and Reckless Endangerment of Another Person (REAP).[1] We affirm.

The facts underlying this appeal, taken from the Trial Court Opinion (TCO) are as follows.

> On May 1, 2019, Appellant knocks on the door of the Complainant, Darrell Powell, who lives across the street from him. Appellant informs Mr. Powell that he is being threatened at gunpoint. Mr. Powell, an amputee confined to a wheelchair, backs away from the door, at which point Appellant forces entry into the

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3701(A)(1)(ii), 3502 (A)(1)(i), 3503(A)(1)(ii), 3921(A), 3925(A), 2701(A), and 2705, respectively.

home and attacks Mr. Powell. Appellant pushes the wheelchair forcing Mr. Powell to flip out of it. Appellant continues to physically attack Mr. Powell by jumping in the air and landing with his knee on top of Mr. Powell's left side. Appellant then proceeds to take a pair of reading glasses and an inactive Citizen's Bank, bank card from the home. Appellant fled leaving Mr. Powell lying on the floor. A neighbor passing by saw Mr. Powell on the floor and he was only able to get back into his wheelchair with this neighbor's assistance. The attack caused Mr. Powell to suffer a fractured hip.

Upon regaining his senses, Mr. Powell did not immediately call the police. Rather, he discussed getting retribution with his friends. Uncomfortable with his friends' suggestions, Mr. Powell decided to call the police the next day and go to the hospital. Prior to calling the police, Mr. Powell heard the snap of the mail-slot located on his door. When he went to investigate, there was a debit card on the floor. He looked through the slot and saw Appellant walking away. Upon calling the police, he was taken to the station where he made an identification and gave a statement.

TCO, 1/19/2021, at 2-3 (citations to the record omitted).

Appellant proceeded to a non-jury trial and was found guilty of Robbery, Burglary, Criminal Trespass, Theft, RSP, Simple Assault and REAP. On November 19, 2019, the trial court sentenced Appellant to an aggregate sentence of 7 to 14 years' incarceration. Order, 11/19/2019. Appellant filed a timely post-sentence motion challenging the weight of the evidence and the discretionary aspects of his sentence. Post-Sentence Motion, 12/2/2019.[2] The post-sentence motion was denied by operation of law on May 18, 2020.

_____

[2] We note that the tenth day fell on Friday, November 29, 2019, which was a court holiday. *See* Pa.R.Crim.P. 720(a)(1) (a written post-sentence motion shall be filed no later than 10 days after imposition of sentence).

Criminal Docket, No. CP-51-CR-0003589-2019. On May 21, 2020, Appellant filed a timely notice of appeal.[3]

Appellant presents the following issues for our review:

1. Was Appellant not deprived of due process of law where the complainant demonstrated unbridled hostility against Appellant throughout his trial testimony, stated that he initially intended to seek retribution upon Appellant outside of the confines of the legal system, made repeated disparaging remarks about Appellant and even defense counsel, was demonstrably impeached, and culminated his testimony with, arguably, an attempt to curry favor from the court by complimenting the court's personal appearance?

2. Was not the verdict against the weight of the evidence and did not the complainant lack sufficient credibility to sustain the convictions where the complainant demonstrated unbridled hostility against Appellant throughout his testimony, stated that he initially intended to seek retribution upon Appellant outside of the confines of the legal system, made repeated disparaging remarks about Appellant and even defense counsel, was demonstrably impeached, and culminated his testimony with, arguably, an attempt to curry favor from the court by complimenting the court's personal appearance?

Appellant's Brief at 4 (suggested answers omitted).

Appellant first argues that he was denied due process of law based on the trial court's failure to exercise reasonable control over the complainant, which created the appearance of partiality by the tribunal. Appellant's Brief at 21. "A question regarding whether a due process violation occurred is a question of law for which the standard of review is *de novo* and the scope of

---

[3] Appellant filed his statement of errors complained of on appeal on June 25, 2020. The trial court entered its opinion on January 19, 2021.

review is plenary." ***Commonwealth v. Smith***, 131 A.3d 467, 472 (Pa. 2015) (*citing **Commonwealth v. Brown***, 52 A.3d 1139, 1162 (Pa. 2012)).

"A fair trial in a fair tribunal is a basic requirement of due process." ***In re Murchison,*** 349 U.S. 133, 136 (1955); ***See also Commonwealth v. Black***, 376 A.2d 627, 632 (Pa. 1977) (citation omitted). "Fairness of course requires an absence of actual bias in the trial of cases." ***Murchison***, 349 U.S. at 136.

The trial court stated, "Appellant has waived this argument for failure to object or request a mistrial." TCO, at 5. The Commonwealth also reiterates that Appellant "never raised this claim as a basis for any of his objections at trial, either generally or to the specific instances of the court's alleged failures about which he now complains." Appellee Brief, at 6.

We are cognizant of the following,

> [A] party must seek recusal of a jurist at the earliest possible moment, *i.e.*, when a party knows of the facts that form the basis for a motion to recuse. If the party fails to present a motion to recuse at the time, then the party's recusal issue is time-barred and waived.

***Lomas v. Kravitz***, 170 A.3d 380, 390 (Pa. 2017). Importantly, "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a).

Appellant's argument centers around comments made by Mr. Powell during his direct and cross-examination testimony and the trial court's response. Appellant's Brief, at 23-27. A thorough review of the notes of

testimony from Appellant's trial and sentencing reveal that Appellant did not make an objection relating to due process or the impartiality of the trial court at any point. **See** N.T., Trial, 9/12/2019; N.T., Sentencing, 11/19/2019. Additionally, Appellant did not raise an objection in his post-sentence motion. **See** Post-Sentence Motion, 12/2/2019. Appellant first raises the issue that he was denied due process due to the impartiality of the trial court in his Pa.R.A.P. 1925(b) statement. Accordingly, we find that Appellant has waived this issue on appeal.

Even if Appellant had not waived this issue, we would find that the issue is without merit. Appellant argues that the trial court created the appearance of partiality because Mr. Powell was "treated with kid gloves by the trial court, who only mildly urged the complainant at each instance of misconduct, when he was cautioned at all, to "please be respectful."" Appellant's Brief, at 31. Additionally, Mr. Powell complimented the trial court at the end of his testimony, "as if at the conclusion of a social event." **Id**. at 31.

> This Court reviews the denial of a motion to recuse for an abuse of discretion. An abuse of discretion is not merely an error of judgment, but occurs only where the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record.

**Lomas v. Kravitz**, 170 A.3d 380, 389 (Pa. 2017) (citations and quotation marks omitted). We also acknowledge, "the trial court may very properly and, in the interest of justice, should caution the witness to answer in a dispassionate and objective manner the questions asked of him, and

- 5 -

thenceforth see that he does so." ***Commonwealth v. McKeithen***, 44 A.2d 282, 284 (Pa. 1945).

A thorough review of the notes of testimony from Appellant's trial reveal that the trial court consistently redirected Mr. Powell, acknowledging that he "may be upset" and "may not like the question," but he must "be respectful." N.T., 9/12/2019, at 29-36. Additionally, the trial court reassured Mr. Powell that Appellant's attorney is "here to do a job" and advised Mr. Powell that he "can answer the questions no or tell him that's correct." ***Id***. at 30. The trial court, approximately 12 times over the course of Mr. Powell's cross-examination, intervened in order to redirect Mr. Powell and advise him to be respectful toward Appellant and Appellant's counsel. ***Id***. Thereby, even if Appellant had properly preserved the issue, it would be without merit, as the trial court properly intervened and directed Mr. Powell to answer the questions "in a dispassionate and objective manner." ***McKeithen***, 44 A.2d at 284.

Next, Appellant challenges the weight of the evidence. Appellant argues that Mr. Powell's testimony lacked sufficient credibility to sustain the convictions. Appellant's Brief, at 4. First, as stated above, Appellant's post-sentence motion was denied by operation of law pursuant to Pa.R.Crim.P. 720(B)(3)(a). "[W]hen a claim is denied by operation of law, the effect of the denial operates in the same manner as if the court had denied the motion itself." ***Commonwealth v. Upshur***, 764 A.2d 69, 73 (Pa. Super. 2000) (*en banc*). Therefore, we may review Appellant's weight claim as if the trial court

ruled on it directly. *Id*. Furthermore, we have the benefit of the trial court's analysis of Appellant's weight claim in its Pa.R.A.P. 1925(a) opinion.

When faced with the contention that a verdict is against the weight of the evidence, our standard of review is as follows:

> A motion for a new trial alleging that the verdict was against the weight of the evidence is addressed to the discretion of the trial court. An appellate court, therefore, reviews the exercise of discretion, not the underlying question [of] whether the verdict is against the weight of the evidence. The fact–finder is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. The trial court will award a new trial only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion. Thus, the trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings.

*Commonwealth v. Wallace*, 244 A.3d 1261, 1276 (Pa. Super. 2021) (citation omitted and brackets in original). A challenge to the weight of the evidence "concedes that the evidence is sufficient to sustain the verdict, but seeks a new trial on the ground that the evidence was so one-sided or so weighted in favor of acquittal that a guilty verdict shocks one's sense of justice." *Commonwealth v. Orie*, 88 A.3d 983, 1015 (Pa. Super. 2014) (citation omitted).

On appeal, we evaluate the trial court's ruling with the following in mind.

> Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial

- 7 -

judge when reviewing a trial court's determination that the verdict is against the weight of the evidence.

*Commonwealth v. Beatty*, 227 A.3d 1277, 1286 (Pa. Super. 2020) (citation omitted).

Appellant argues that the verdict is against the weight of the evidence because Mr. Powell's testimony about when he was injured and the extent of his injury was rebutted by undisputed physical facts. Appellant's Brief, at 33-36. Appellant argues that Mr. Powell's credibility was so "feeble as to render any guilty verdict based upon his testimony to be against the weight of the evidence" because Mr. Powell exhibited hostility toward Appellant and his counsel and tried to curry favor with the trial court. *Id*., at 36.

The trial court determined,

Appellant's weight of the evidence claim is without merit. This court applied the appropriate standards when reviewing Appellant's claim that the verdict was against the weight of the evidence. Having reviewed the entire record, including a thorough reading of the trial transcripts, and admitted exhibits, this court concludes that the verdict was not so contrary to the evidence as to shock one's sense of justice. The evidence was not so tenuous, vague, and uncertain that the verdict shocks the conscious of the court. To the contrary, the evidence in this case was compelling and substantial, and strongly supported the verdict. The complainant and his testimony were found credible, and the Appellant was not. For the forgoing reasons, Appellant's weight of the evidence claim must fail.

TCO, at 8.

The term 'discretion' imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal

motivations, caprice or arbitrary actions. Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

***Commonwealth v. Widmer***, 744 A.2d 745, 753 (Pa. 2000) (citation omitted).

When the challenge to the weight of the evidence is predicated on the credibility of trial testimony, our review of the trial court's decision is extremely limited. Generally, unless the evidence is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, these types of claims are not cognizable on appellate review.

***Commonwealth v. Rivera***, 238 A.3d 482, 498 (Pa. Super. 2020), *appeal denied*, 250 A.3d 1158 (Pa. 2021).

There was no abuse of discretion by the trial court. Appellant essentially asks this Court to reassess the credibility of the witnesses. However, it is well settled that the Court cannot substitute its judgment for that of the trier of fact. ***Commonwealth v. Holley***, 945 A.2d 241, n.4 (Pa. Super. 2008). Further, the finder of fact was free to believe the testimony of certain of the Commonwealth's witnesses and to disbelieve the testimony of another. ***Commonwealth v. Griscavage***, 517 A.2d 1256, 1257 (Pa. 1986) (the finder of fact is free to believe all, none, or part of the testimony presented at trial). "[I]t is for the fact-finder to make credibility determinations, and the finder of fact may believe all, part, or none of a witness's testimony." ***Commonwealth v. Lee***, 956 A.2d 1024, 1029 (Pa. Super. 2008) (citation omitted).

Here, the trial court, sitting as the fact finder in this non-jury trial, found Mr. Powell's testimony credible over Appellant's testimony. Mr. Powell testified that Appellant burst into his doorway, pushed his wheelchair into the refrigerator, flipped him out of the wheelchair, jumped into the air and came down on his left side causing a fractured hip. N.T., 9/12/19, at 14-18. The trial court also credited Mr. Powell's testimony that Appellant took his glasses and an old debit card. *Id*., at 16. The trial court found this testimony credible over Appellant's testimony that on the day in question, Mr. Powell asked Appellant to buy him drugs when suddenly the Appellant heard a loud bang. *Id*., at 58. Appellant testified that he thought it was a gunshot and pushed Mr. Powell into his home to protect him. *Id*. The trial court found Mr. Powell's testimony credible over Appellant's testimony that Mr. Powell's wheelchair tipped over accidentally. *Id*., at 58-59. The trial court found incredible Appellant's testimony that Mr. Powell is making this story up because Appellant refused to buy him drugs. *Id*. The trial court's denial of the weight of evidence claim was not an abuse of discretion based on the trial court finding Mr. Powell's testimony credible over Appellant's testimony. *See Rivera*, 238 A.3d at 498; *Holley*, 945 A.2d at n.4; *Lee*, 956 A.2d at 1029.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/4/21</u>